Caria, per
Butler, J.,
It must be conceded in this case, that the only parties that were liable to be sued in replevin, after the proceedings in distress had been commenced, were Lesesne and Buekheister. The one assumed the position of landlord, and by warrant under his own seal, constituted the other his bailiff. Harris may or may not have authorized the distress warrant to be issued, or might or might not have adopted the acts of the parties under it. This is not, however, conclusive of the question in the case. After the action of replevin had been commenced, the rights and relation of the parties underwent material changes ; Harris, the true landlord, came in and adopted and confirmed all the acts of his representative and agents. It might not have been in the power of Lesesne to avow for rent due his principal, as he did not perform the office of the actual bailiff. As against Lesesne, the tenant Clayton might have been able to maintain his right to the property replevied — no rent being due to Lesesne himself, and he not having any of the rights of the actual landlord. But where the distress has been made for rent due the landlord, it is in his power to come in and sanction the distress, and thereby to enable the bailiff to justify the taking, for rent in arrear, in the name of the landlord. The case of *200 Steadman vs. Givins & Nathans, decided in 1834, was in some particulars like the one under consideration. Givins, acting as the agent of Mrs. Wigfall, appointed Nathans his bailiff, to execute a distress warrant for rent alledged to be due Mrs. Wigfall. It was held, that Givins had no right to issue such a warrant in his own name — nor could he avow for rent due to another. But Judge Harper, who delivered the judgment of the Appeal Court, confirming the Circuit decision made by myself, concludes thus; “ Subsequent assent amounts to authority, (Saund. 347, n. 4.) If Givens had any actual share in making the distress, and they had authority from Mrs. Wigfall, or she was willing to adopt their act, both should have justified as bailiffs. Or perhaps, if Givins was not actually present at the taking of the distress, but had authority from Mrs. Wigfall to employ Nathans as bailiff, he might have pleaded non cepit. In that case, the authority of Nathans would have been direct from Mrs. Wigfall; he should have justified as her bailiff, while Givens being merely regarded as the medium through which the authority was conveyed, would not have been considered as a party to the taking.” In this case,'it cannot be doubted that Mr. Lesesne had full authority from Harris to collect the rent, and to employ all necessary and legal means to effect the end. The bailiff, Buckheister, was accordingly employed to make the distress, for his act was adopted by the subsequent assent of the landlord. All the acts that had been done, were under a derivative authority from Harris. He was the party interested ; and was it not competent for him to assume his position on the record, as the rightful avowant'? The tenant’s own acknowledgement of his landlord’s right to the property destrained, as established by the confession of judgment, precluded him from making any objection to the regularity and propriety of the proceeding. The great object of the action of replevin is to settle the controversy about rent; with this view, the landlord’s rights should always be regarded; in such cases there can be no valid objection, why he should not take the place of his mere representative and bailiff. In the case of Talvande and Cripps, 2 McCord, 165, Judge Nott remarks, after speaking of the nature of the action of replevin, “The.pro *201 ceedings, therefore, ought to he so modelled as to preserve the relative rights of the parties. The plaintiff has a right to make the landlord, (or the party destrain-ing) a party to the action, as well as the officer executing the warrant. So, on the other hand, the landlord may come in and be made a party, and. defend his bailiff against the action; in the same manner as a landlord may come in and be substituted in the place of his tenant, in an action of trespass to try title.” This view of the law in that case was carried out, by allowing the heirs to come in and maintain the avowry that had been put in by the original party on the record, after his death. The distress had been made by an administrator, the goods distrained by him were replevied by the tenant; but the action was not allowed to abate by the death of the avow-ant ; but those who claimed under him were allowed to establish their right to the rent. The bond was no doubt given by the plaintiff with security, to return the goods again, if he should fail to establish the wrongful taking. That bond must always inure to the benefit of the true party in interest; and where he is regularly let in on the record, he has all the rights of the original avowant; and when he cannot have his goods returned by a retorno ha-bendo, he is entitled to have the bond assigned to him to go against the surety; for without such bond, he would never have been deprived of the benefit of the distress. It is true, that but few of the British statutes on the subject of replevin, have been made of force in this State, by express enactment, but they have been adopted in practice; and under this practice, replevin bonds are assignable to the avowant on the record. -When the writ of execution fails to give indemnity for the injury which the landlord has sustained by the replevin of the goods, the surety to such a bond subjects himself to all tlie liabilities of his principal ; and when the principal fails to return the goods detained, and nulla bona returned on the ji. fa., the surety is then to become answerable. He must abide the acts and become liable by the default of the principal. At any rate, he cannot make a better defence than the principal could have made; nor take exceptions which the principal could not have taken. At no part of the proceedings in this case, *202 could the present defendant have interfered to exonerate Clayton from liability to pay rent to the plaintiff; and why should lie now be permitted to relieve himself from liability!
We concur in the circuit decision, and dismiss the motion.
Richardson, Q’Neall and Evans, JJ., concurred.